| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |
|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAPHAEL PICHARDO,**<br><br>                              **Plaintiff,**<br>v.<br><br>**THE CITY OF NEW YORK, NYPD Officer Geceila Carasquillo (Tax ID 946673 ) and NYPD Officer Gina Catoggio (Shield #2901).**<br><br>                              **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:  15-cv- 00279 |

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officers Geceila Carasquillo and Gina Catoggio, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for NYPD Officer Gina Catoggio's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Raphael Pichardo ("Plaintiff" or "Mr. Pichardo") is a 21 year old man with no criminal record; and Plaintiff is a resident of Bronx County in the City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. NYPD Officers Geceila Carasquillo and Gina Catoggio are members of the NYPD who were involved in the arrest of Plaintiff on August 7, 2014. Defendant NYPD Officers NYPD Officers Geceila Carasquillo and Gina Catoggio sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On August 7, 2014, and at about 10:40 AM, Plaintiff was in the back seat of an automobile driven by one of his brother's co-worker's and his brother was in the front passenger seat of said automobile.

9. All of the automobile occupants as outlined in ¶8 above were wearing their seatbelts and never committed any crimes or violations.

10. At or near Grand Concourse and 188th Street, Plaintiff notice a marked NYPD vehicle and the police vehicle started to follow them.

11. Next, the marked NYPD vehicle signaled for the vehicle that Plaintiff was a passenger in to pull over, which they did.

12. NYPD Officer Gecelia Carrasquillo approached the passenger side of the vehicle and demanded Plaintiff's brother's identification.

13. NYPD Officer Gecelia Carrasquillo then yanked the passenger side door of the automobile open and demanded Plaintiff's brother's identification a second time as Plaintiff's brother was looking for it in his wallet.

14. Next, NYPD Officer Gecelia Carrasquillo pulled out a set of handcuffs and threatened to "lock [Plaintiff]'s brother up" and proceeded to take Plaintiff's brother's seat belt off of Plaintiff's brother.

15. Next, NYPD Officer Gecelia Carrasquillo called another NYPD Officer, and NYPD Officer Gina Catoggio arrived on the scene. Plaintiff who had been in the back seat of the automobile was then arrested.

16. Plaintiff was transported to the 46th Precinct where he was fingerprinted, photographed and processed.

17. After spending approximately seven (7) hours at the precinct, Plaintiff was transported to Central Booking for arraignment.

18. After spending approximately twenty-two (22) hours at Central Booking, Plaintiff appeared before a Criminal Court Judge where he learned that he had been charged with disorderly conduct.

19. At his Criminal Court Arraignment on August 8, 2014, Plaintiff was released on his own recognizance and the matter was put over to September 23, 2014.

20. Plaintiff subsequently appeared in Bronx Criminal Court on September 23, 2014, October 31, 2014 and December 11, 2014. On December 11, 2014, the charges levied against Plaintiff were dismissed in the entirety.

21. As a result of the defendants' actions, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation - all to his detriment.

## FIRST CLAIM
*Unlawful Stop and Search*

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendant NYPD Officer Geceila Carrasquillo violated the Fourth and Fourteenth Amendments because she stopped and searched Plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

25. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation - all to his detriment.

## SECOND CLAIM
*False Arrest*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendant NYPD Officer Geceila Carrasquillo violated the Fourth and Fourteenth Amendments because she arrested Plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
*Failure to Intervene*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendant NYPD Officer Gina Catoggio was present and had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

31. Accordingly, Defendant NYPD Officer Gina Catoggio, who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*§1983 FABRICATION OF EVIDENCE*

33. Plaintiff repeats and realleges each and every allegation as if more fully set forth herein.

34. Defendant NYPD Officers Geceila Carrasquillo and Gina Catoggio created false evidence against Plaintiff and forwarded such false evidence to the Bronx County District Attorney's Office.

35. In creating such false evidence, Defendants Geceila Carrasquillo and Gina Catoggio violated Plaintiff's constitutional right to a fair trial.

36. The aforesaid conduct by Defendants Geceila Carrasquillo and Gina Catoggio violated Plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### *MONELL CLAIM*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

41. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

42. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

43. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

44. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

45. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed

and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

46. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

47. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

48. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

49. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical pain – all to his detriment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated:  May 7, 2015
    New York, NY

                                              s/Michael J. Redenburg
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)